UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID LESTER, | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:11-cv-01441-MJD-TWP |
| NESTLE USA, INC. | ) |
| Defendant. | ) |

**Order on Leave to Amend Complaint**

This matter comes before the Court on Plaintiff David Lester's ("Lester") Motion for Leave to Amend his Complaint filed on October 28, 2011. [Dkt. 24.] For the following reasons, the Court hereby **GRANTS** Lester's Motion.

## I. Background

This case involves a wrongful termination claim brought by Lester against Nestlé USA, Inc. ("Nestlé") pursuant Title I of the Americans with Disabilities Act ("ADA"). On October 28, 2011, Lester filed his original Complaint with the Court claiming cause for relief based on disability discrimination, failure to accommodate, and retaliation against Nestlé. [Dkt. 13 at 1.] The Complaint did not specify the disability from which Lester suffers that, he alleges, led to his wrongful termination. [Dkt. 1.] In response, on December 21, 2011 Nestlé filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [Dkt. 13.]

On January 25, 2011, Lester filed a Motion for Leave to Amend Complaint with the proposed Amended Complaint for Damages attached. [Dkt. 24.] The proposed Amended

Complaint added almost twenty paragraphs to the Statement of Claims, including the fact that Lester notified Nestlé of his medically diagnosed diabetes and attention deficit disorder (ADD) in early 2009, before he was fired that June. Lester moves to amend the Complaint in order to address the deficiencies alleged in Defendant's Motion to Dismiss.

## II. Discussion

Lester argues that the Court may permit him to amend his complaint, pursuant Rule 15 of the Federal Rules of Civil Procedure, to include, among other additions, reference to his disabilities: medically diagnosed diabetes and ADD. [Dkt. 24 at 1, 4.] In response, Nestlé argues that the amendment would be futile and should not be permitted because Lester did not exhaust his administrative remedies before filing his complaint. [Dkt. 31 at 1.]

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend the complaint] when justice so requires." This is a broad allowance with few enumerated exceptions. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). One such instance when the court "need not allow an amendment" is "when the amendment would be futile." *Id.* An amendment is futile when the claim, as amended, still would not survive a motion to dismiss or motion for summary judgment. *Id.* In such an analysis, the facts are to be read most favorable to Lester, the non-moving party. *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1114 (7th Cir. 2001).

Fundamental to the Court's determination of the instant motion is Nestlé's admission that the disability discrimination claim would survive its motion to dismiss as amended. [Dkt. 31 at 2.] However, Nestlé further argues that each of the other two claims would not survive its Motion to Dismiss because Lester did not exhaust his administrative remedies. [Dkt. 31 at 1.]

It is true that a Title VII plaintiff cannot bring a lawsuit based upon any claim that was not included in the original Equal Employment Opportunity Commission ("EEOC") charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). However, an EEOC charge is examined under a "liberal standard of pleading." *Id.* at 502.

Nestlé argues that a claim for retaliation was not included in Lester's original EEOC claim. Attached to its Brief in Support of Defendant's Motion to Dismiss, [Dkt. 14], Nestlé included a copy of the original Charge of Discrimination. In the Charge, there is a section that reads "Discrimination Based On (Check appropriate box(es).)." [Dkt. 14.] Of the boxes provided, there is one for "Retaliation" that was not checked on the form. *Id.* Nor is there any description of retaliatory conduct in the particulars section of the form that allows for narrative. Thus, Lester's charge appears to have not included a claim for discrimination based on retaliation. As such, it would appear that Lester failed to properly exhaust his administrative remedies in a timely manner before filing his Complaint in court.

In addition, Nestlé argues that the claim for failure to accommodate is similarly subject to dismissal. [Dkt. 31 at 2.] Unlike the retaliation claim, there is no such box to check for failure to accommodate on the Charge of Discrimination form that was submitted to the EEOC. [Dkt. 14.] Since most EEOC forms are completed by laypersons, "a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim." *Cheek*, 31 F.3d at 500. Thus, a claim is sufficient where there is a "reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.*

However, "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA." *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). As such, "they are not like or reasonably related to one another," and recovery is not possible when no claim of failure to accommodate exists on the EEOC form. *Id.* Here, even though there is no box to check for "failure to accommodate" on the EEOC form, Lester does not appear to refer to any accommodation requests or a lack of Nestlé's effort to accommodate anywhere on the EEOC form.

The apparent absence of any reference in Lester's Charge of Discrimination to the failure to accommodate or retaliation claims raises serious question whether those claims can survive Defendant's renewed motion to dismiss. However, since it appears that the amendment does resolve the motion to dismiss as to Lester's disability discrimination claim, the amendment is not entirely futile. Accordingly, Lester's Motion for Leave to Amend his Complaint, [Dkt. 24], is hereby **GRANTED**.

Notwithstanding this decision, given the questions raised regarding Lester's failure to accommodate or retaliation claims, Plaintiff's counsel is reminded of her obligations pursuant to 28 U.S.C. § 1927 to avoid the unreasonable multiplication of proceedings and should give serious consideration to whether Plaintiff would have a valid defense to a renewed motion to dismiss. If not, the more prudent course may be to agree to the dismissal of those claims before Defendant is put to the expense of a response.

## III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Lester's Motion for Leave to Amend Complaint. [Dkt. 24.] Plaintiff's Amended Complaint, [Dkt. 24-1], is deemed filed as of the date of this Order. Defendant shall file a renewed motion to dismiss or a response to the Amended Complaint within fourteen days of the date of this Order.

Dated: 03/30/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Sarah Jane Graziano
HENSLEY LEGAL GROUP
sgraziano@hensleylegal.com

Edward E. Hollis
FAEGRE BAKER DANIELS LLP - Indianapolis
edward.hollis@faegrebd.com

Amanda L. Shelby
FAEGRE BAKER DANIELS LLP - Indianapolis
amanda.shelby@faegrebd.com