UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID LESTER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:11-cv-01441-MJD-TWP |
| | ) |
| NESTLE USA, INC., | ) |
| | ) |
| Defendant. | ) |

## Order on Motion to Dismiss

This matter is before the Court on Defendant Nestlé USA, Inc.'s ("Nestlé") Motion for Partial Dismissal of Claims in Plaintiff David Lester's ("Lester") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt. 37.] Additionally, pursuant to 28 U.S.C. § 1927, Nestlé seeks its costs, expenses, and attorneys' fees associated with filing this Motion. For the reasons discussed below, the Court **GRANTS** Nestlé's Motion in part and **DENIES** the Motion in part.

## I. Background

Lester brings claims for disability discrimination, retaliation, and failure to accommodate against Nestlé—his former employer—in violation of the Americans with Disabilities Act ("ADA"). Presently at issue is whether Lester exhausted his administrative remedies with regard to his retaliation and failure to accommodate claims by properly including them in his Charge of Discrimination ("EEOC charge") against Nestlé filed with the Equal Employment Opportunity Commission ("EEOC").

On December 9, 2009, Lester filed his EEOC charge against Nestlé. The charge form contains boxes that the charging party checks to indicate the type of discrimination alleged to

1

have taken place. Lester checked the box for discrimination based on disability, but did not check the box for retaliation. The EEOC charge form does not contain a box for failure to accommodate. Lester indicated that the discrimination took place between June 22, 2009 and June 29, 2009.

In the area for the charging party to include particulars of the discrimination, Lester wrote the following:

> I was hired by Nestle in October 2007 as an I-Process Operator. My immediate supervisor was Charlie Turner.
> On June 22, 2009, I was approached by Quality Assurance Manager Jason Johnson, regarding a testing machine error. Johnson accused me of not running a specific test, because it did not show up on the machine's printer. During that same conversation, I mentioned to Johnson that I hoped that my disability was not the reason for the error.
> One week later, I was terminated, allegedly for falsification of documents. Other employees have made the same errors, and have not been terminated.
> I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

[Dkt. 38 Ex. 1.][1] In August 2011, the EEOC issued a Dismissal and Notice of Rights. Thereafter, on October 28, 2011, Lester filed suit in this Court.

In his Amended Complaint, Lester alleges that, at some point in 2009, he requested accommodation for his diabetes, including break times away from his assigned workstation, but Nestlé did not provide him any such accommodation. Shortly thereafter, Lester told Nestlé of his diagnosis of Attention Deficit Disorder ("ADD") in order to advise Nestlé of upcoming medical appointments for both his diabetes and his ADD, which would require time away from

---

[1] Lester did not attach the EEOC charge to his Amended Complaint. Had he done so, pursuant to Fed. R. Civ. P. 10(c), it would have been part of his pleading and the Court could consider the EEOC charge without converting the Motion to Dismiss into a Motion for Summary Judgment. Nonetheless, the Court may consider Lester's EEOC charge, which Nestlé attached to its brief in support of its Motion, without converting the Motion to Dismiss into a Motion for Summary Judgment, because Lester's Amended Complaint referred to his EEOC charge and the EEOC charge is central to his claim. *See Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); see also *Davis v. Cent. Can Co.*, 05 C 1563, 2006 WL 2255895 (N.D. Ill. Aug. 4, 2006) (collecting cases).

work. Less than one week after he told Nestlé of his ADD, Nestlé accused Lester of falsifying testing data. As a result, Nestlé first suspended Lester and later terminated his employment.

Lester further alleges that the twenty-month EEOC investigation revealed that Lester's claims included, but were not limited to, Nestlé's retaliation of Lester after his request for protections afforded by the ADA. Lester also alleges that the investigation revealed that Lester's claims included, but were not limited to, Nestlé's failure to accommodate Lester's known disabilities. On April 11, 2012, Nestlé filed its Motion for Partial Dismissal as to the retaliation and failure to accommodate claims.

## II. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## III. Discussion

Nestlé argues that Lester's Amended Complaint fails to state a claim upon which relief can be granted as to Lester's claims for retaliation and for failure to accommodate, because Lester has failed to exhaust his administrative remedies with regard to these claims. Specifically, Nestlé argues that Lester failed to include these claims in his EEOC charge and that he is now barred from asserting them. Additionally, under 28 U.S.C. § 1927, Nestlé requests the Court

award it the costs, expenses, and attorneys' fees incurred in conjunction with this Motion. In response, Lester contends that he properly raised his retaliation and failure to accommodate claims before the EEOC, that he sufficiently pleads facts in his Amended Complaint that would entitle him to relief, and that Nestlé is not entitled to its fees, costs, and attorneys' fees.

Generally, "[a] plaintiff may not bring claims in a lawsuit that were not included in the EEOC charge." *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 476 (7th Cir. 1999) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir.1996)). There are two primary purposes for this requirement. First, it ensures the EEOC can conduct a full investigation. *Id.* at 477. Second, it provides employers—such as Nestlé—with advance notice of the claims and an opportunity to resolve them. *Id.* For these reasons, a plaintiff may only pursue claims not explicitly included in the EEOC charge when the allegations fall within the scope of the charges contained in the EEOC complaint. *Cheek*, 97 F.3d at 202.

A claim falls within the scope of the earlier EEOC charge if it is "like or reasonably related to" those in the EEOC charge. *Id.* If it is, the Court then determines "whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Id.* For a claim in the plaintiff's complaint to fall within the scope of the EEOC charge, there must be a factual relationship between them, meaning, at a minimum, the claims in the lawsuit must describe the same conduct and implicate the same individuals as the charge in the EEOC complaint. *Risk v. Ford Motor Co.*, 48 F. Supp. 2d 1135, 1145 (S.D. Ind. 1999). However, "[t]he EEOC charge-filing requirement is not intended to erect 'elaborate pleading requirements' or 'let the form of the purported charge prevail over its substance.'" *Cable*, 200 F.3d at 477 (quoting *Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1138 (7th Cir.1994)).

4

**A. Retaliation Claim**

With regard to the retaliation claim, Nestlé argues that Lester did not check the box on the EEOC charge form to indicate that he was alleging retaliation; nor did he claim that his discharge was retaliatory. Lester acknowledges that he did not check the retaliation box in his EEOC charge, but argues that what box is checked does not necessarily control the scope of the of the civil complaint. For support, Lester discusses *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 169 (7th Cir. 1976), where the plaintiff checked the box for race discrimination, but not the box for sex discrimination. The Seventh Circuit found that although the plaintiff left the sex discrimination box unchecked, the allegations in her EEOC charge adequately raised the issue and therefore the plaintiff could bring her sex discrimination claim in her civil lawsuit. *Id.*

Lester's reliance on *Jenkins* is misplaced. To rely on *Jenkins*, Lester's allegations in his EEOC charge should raise retaliation as an issue. In prohibiting retaliation, the ADA states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).[2] Accordingly, to state a claim for retaliation under the ADA, Lester must allege that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) a causal link existed between the two. *Cable*, 200 F.3d at 478. Thus, even though formal pleading of the elements is not required, Lester's EEOC charge

---

[2] Although not mentioned in the anti-retaliation statute, the Court will assume that a request for accommodation, as Lester alleges in his Amended Complaint, is a statutorily protected activity. *See Cloe v. City of Indianapolis*, No. 1:10-cv-1070-WTL-MJD, 2012 WL 777014, at *12 n.8 (S.D. Ind. March 6, 2012) (explaining that, although difficult to square with the text of the statute, the majority of courts, including the Seventh Circuit, have assumed that a request for accommodation is a statutorily protected activity); *see also Yindee v. CCH, Inc.*, 458 F.3d 599, 602 (7th Cir. 2006); . *Cassimy v. Bd. of Educ. of Rockford Public Sch., Dist. No. 205,* 461 F.3d 932, 938 (7th Cir. 2006).

should provide some facts that would suggest Nestlé retaliated against him for engaging in a protected activity.

Lester maintains that "it is clear from the face of the EEOC [charge] that retaliation was a claim that was intended to be investigated by the EEOC." [Dkt. 41 at 4.] Relying on *Jenkins*, Lester explains that although he failed to check the retaliation box, he, nonetheless, made a "clear allegation that he was terminated for an 'error' that other employees had made without the same result (termination)." [*Id.*] Thus, according to Lester, his EEOC charge makes a specific claim that he was subjected to a materially adverse employment action "as a result of his disability." [*Id.*] Indeed, Lester has made a specific claim of an adverse employment action, but—as Lester himself acknowledges—his allegation is that Nestlé terminated him because of his disability and not in retaliation for requesting the protections afforded him by the ADA.

In *Bilal v. Rotec Indus., Inc.*, 326 F. App'x 949, 954 (7th Cir. 2009), the Seventh Circuit found that, while the plaintiff's EEOC charge clearly stated a complaint for discrimination and hostile work environment, it did not give notice of a retaliation claim. The Seventh Circuit noted that the EEOC charge "does not mention any grievances lodged with her employer or an agency that could reasonably be understood as statutorily protected activity. It contains no hint that such complaints caused her termination." *Id.* The Seventh Circuit went on to explain that even when drawing all inferences in favor of the plaintiff, the only part of her EEOC charge that even partially presented an element of retaliation was the mention of her termination. *Id.* However, the Seventh Circuit agreed with the district court that "termination can occur for any number of reasons, most of which are perfectly legal." *Id.*

Similarly, nothing contained in Lester's EEOC charge—even when construing it liberally—suggests that Lester was engaged in any protected activity. As in *Bilal*, Lester

6

mentions his termination, but fails to indicate in any way that his termination was the result of Nestlé's unlawful retaliation. Because Lester not only failed to check the retaliation box, but also failed to make any allegation in his EEOC charge that could be construed as a retaliation charge, the Court finds that Lester's retaliation claim was not explicitly included in his EEOC charge. Thus, to be within the scope of the EEOC charge, the Court must first determine whether Lester's retaliation claim is "like or reasonably related to" his EEOC charge. *Cheek*, 97 F.3d at 202. If it is, the Court then determines whether the retaliation claim "reasonably could have developed from the EEOC's investigation of the charges before it." *Id.*

### 1. Whether Lester's Retaliation Claim Is Like or Reasonably Related To His EEOC Charge

"Normally, retaliation and discrimination charges are not considered 'like or reasonably related' to one another." *Swearnigen-El v. Cook County Sheriff's Dep't*, 602 F.3d 852, 865 (7th Cir. 2010) (citations omitted). As previously mentioned, for claims to be "like or reasonably related" there must be a factual relationship between the them, describing the same conduct and same individuals. *Risk*, 48 F. Supp. 2d at 1145. With regard to Lester's retaliation claim, Lester alleges in his Amended Complaint the following:

> The twenty (20) month investigation by the EEOC of the alleged violations of the ADA revealed that Lester's claims included, but were not limited to, Defendant Employer (sic) retaliation of Lester subsequent to his request for his protections afforded by the ADA, including but not limited, to the requested accommodation detailed herein.

[Dkt. 36 at ¶ 27.] The only requested protection that Lester specifically pled in his Amended Complaint is his request that Nestlé "accommodate his disability, diabetes, including but not limited to break times away from his assigned work station," which Nestlé did not provide. [*Id.* at ¶ 15.]

Lester's EEOC charge, however, is limited to the incident on June 22, 2009, where Quality Assurance Manager Jason Johnson accused Lester of not running a specific test, to which Lester responded that he hoped his disability was not the reason for the error, and his subsequent termination one week later for allegedly falsifying documents.  [Dkt. 38 Ex. 1.]  Lester fails to articulate how the facts giving rise to his retaliation claim—his requesting accommodation for his diabetes—have anything to do with the incident on June 22, 2009, or his subsequent termination one week later.  As such, the Court finds no factual relationship between Lester's EEOC charge for disability discrimination and his subsequent retaliation claim.  Therefore, Lester's EEOC charge alleging disability discrimination is not "like or reasonably related to" Lester's retaliation claim in his Amended Complaint.

> **2. Whether Lester's Retaliation Claim Reasonably Could Have Developed From The EEOC's Investigation of Lester's Disability Discrimination Charge**

Having determined that the EEOC charge and the retaliation claim are not "like or reasonably related" the Court need not address whether the retaliation claim reasonably could have developed from the EEOC investigation.  Lester, however, makes a novel argument with regard to the EEOC's investigation, which the Court finds necessary to address.  In his Amended Complaint, Lester alleges that the EEOC investigation lasted twenty-months and "revealed Lester's claims included, but were not limited to" Nestlé's failure to accommodate Lester and Nestlé's retaliating against Lester for requesting protections afforded by the ADA.  [Dtk. 36 at ¶¶ 26, 27.]  According to Lester, the Court must accept all of his allegations as true and therefore should not grant Nestlé's Motion for Partial Dismissal.

Lester is partially correct.  In deciding on a Motion to Dismiss "[a]ll well-pleaded facts are accepted as true and construed in favor of the plaintiff."  *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002) (citing *McLeod v. Arrow Marine Transp., Inc.,* 258 F.3d 608, 614 (7th

Cir.2001)). However, the Court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Id.* Here, Lester is not asking the Court to accept as true a factual allegation; rather, Lester is asking the Court to accept as true what amounts to be a legal conclusion as to what legal claims Lester has against Nestlé.

Moreover, even if the Court were to accept Lester's allegations as true, Lester has provided scant legal support for the proposition that the Court may consider what the EEOC investigation revealed regardless of the contents of his EEOC charge. Lester cites to *Smith v. Jupiter Aluminum Corp.*, in which the court stated that it "is not limited to comparing [plaintiff's] complaint to the formal EEOC charge." No. 2:09-cv-356, 2011 WL 197577, at *5 (N.D. Ind. Jan. 18, 2011) (citations omitted). However, the court went on to note that, because the plaintiff's EEOC charge alleged retaliation, it was clear that plaintiff intended for the EEOC to investigate all of defendant's retaliatory conduct. *Id.* As a result, the court determined that it could consider documents and witness statements contained in the EEOC file that related to any form of retaliatory conduct by defendant when comparing the similarity of the plaintiff's charge to his complaint. *Id.* In the end, the court found that the conduct alleged in plaintiff's complaint fell within the scope of his EEOC charge. *Id.*

Lester argues that, similar to *Jupiter*, this Court may consider the scope of the EEOC investigation. Unlike in *Jupiter*, however, there is no indication from Lester's EEOC charge that he intended for the EEOC to investigate anything beyond his claim for disability discrimination. Lester limits the time frame of the discrimination to a week long period beginning on June 22, 2009 and fails to mention any retaliation for his earlier request for protections afforded him under the ADA. While the court in *Jupiter* stated that it could consider evidence from the EEOC's investigation, it did so only after determining the plaintiff's EEOC charge indicated an

9

intent for the EEOC to investigate all acts of retaliation. The court in *Jupiter* considered the evidence in the EEOC file only to compare the similarity of the plaintiff's charge to his complaint to determine if the complaint fell within the scope of the EEOC charge. Thus, even in *Jupiter*, the contents of the EEOC charge determined the scope of the both the EEOC investigation and the subsequent litigation.

Lester's argument goes beyond *Jupiter*, stretching so far as to make the EEOC charge requirement meaningless. Under Lester's theory, a plaintiff could check any box—or possibly leave all boxes unchecked—describe any form of discrimination in his EEOC charge and then file a lawsuit based upon whatever the EEOC investigation reveals, even if the EEOC investigation uncovers evidence of discrimination of an entirely different nature. This theory, however, effectively eliminates the requirement that a plaintiff include all of his claims in his EEOC charge. The Seventh Circuit has explained that "[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination," which is what Lester attempts to do under the guise of an allegation that the EEOC investigation revealed additional claims. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

As previously mentioned, the EEOC charge filing requirement serves two purposes—ensuring the EEOC can conduct a full investigation and providing the employer with advance notice of the claims—neither of which are served under Lester's theory. The EEOC's investigation would largely be left to chance, encompassing only what the EEOC stumbles upon in investigating an incomplete EEOC charge. Moreover, Lester unwittingly acknowledges that, under his theory, Nestlé would not have advance notice when he stated that "the Motion to Dismiss cannot be decided at this premature stage as Defendant cannot be certain what occurred

in the twenty months this case pended with the EEOC." [Dkt. 41 at 5 n.1.] Exactly, hence the reason for the requirement that the EEOC charge include all of the claims. Otherwise, the employer is left to guess as to the scope of the EEOC investigation and what claims might be asserted against it. When considering only Lester's EEOC charge, it is not reasonable to expect the EEOC to investigate unrelated claims of retaliation.

**B. Failure To Accommodate Claim**

For good reason, Lester does not attempt to argue that his EEOC charge alleges a failure to accommodate claim. Nor does Lester appear to argue that his failure to accommodate claim is "reasonably related to" his EEOC charge. Instead, Lester hangs his hat on the argument that "[w]hile the EEOC charge does not mention the words failure to accommodate within its four corners, the analysis of whether the Plaintiff failed to exhaust his administrative remedies on this ground cannot be analyzed in such a vacuum." [Dkt. 41 at 4.] According to Lester, the Court must consider the EEOC's investigation, which Lester alleges included Nestlé's failure to accommodate his disability. Lester's argument fails for the same reasons it failed with regard to his retaliation claim. Contrary to Lester's argument otherwise, whether a plaintiff has exhausted his or her administrative remedies is essentially analyzed in a vacuum, looking only at the EEOC charge. Lester's argument that the Court should look at the EEOC investigation to determine whether he has exhausted his administrative remedy goes too far, especially when nothing in his EEOC charge hints at a failure to accommodate claim.

In sum, Lester seeks to bring claims that are completely unconnected factually to his EEOC charge. Seventh Circuit precedent, however, requires some factual relationship to exist between the EEOC charge and the subsequent claims. The factual relationship here is non-existent—or as Nestlé argues—so attenuated that it "effectively eviscerates the statutory charge

requirement." [Dkt. 43 at 4.] Nothing in Lester's EEOC charge indicates a claim for retaliation or for failure to accommodate and these claims would not reasonably develop from an EEOC investigation of disability discrimination. Accordingly, the retaliation and failure to accommodate claims do not fall within the scope of the EEOC charge and Lester cannot pursue them in this litigation.

## C. 28 U.S.C. § 1927

Lastly, Nestlé requests the Court award it the costs, expenses, and attorneys' fees incurred in conjunction with this Motion. Under 28 U.S.C. § 1927, "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The principal purpose of the statute is "'the deterrence of intentional and unnecessary delay in the proceedings'" *Taflinger v. Hindson*, --- F. Supp. 2d ---, 2012 WL 1432845, at *6 (S.D. Ind. Apr. 25, 2012) (quoting *Beatrice Foods Co. v. New England Printing & Lithographing Co.,* 899 F.2d 1171, 1177 (Fed. Cir. 1990)). Generally, bad faith is a prerequisite for the Court to award costs and attorneys' fees under section 1927. *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006). However, objective bad faith suffices, which a lawyer can demonstrate by "'pursu[ing] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound ….'" *Id.* (quoting *Riddle & Assocs. P.C. v. Kelly,* 414 F.3d 832, 835 (7th Cir.2005)).

Nestlé points to this Court's Order on Leave to Amend Complaint, which suggested that Lester's counsel give serious thought as to whether Lester would have a valid defense to a renewed motion to dismiss. [*See* Dkt. 35 at 4.] According to Nestlé, this should have resolved any doubts as to whether Lester exhausted his administrative remedies. Lester argues that his

claims have been raised in good faith and that he properly and sufficiently pleads the claims in his Amended Complaint. Having considered the parties' arguments with regard to Nestlé's Motion to Dismiss, the Court finds that Lester had a valid, albeit a losing, argument that did not unreasonably or vexatiously multiple the proceedings. Moreover, the Court finds that Lester's counsel did not act in bad faith in pursuing the claims. Accordingly, the Court declines to award Nestlé its costs, expenses, and attorneys' fees.

## IV. Conclusion

For the above stated reasons the Court **GRANTS** in part and **DENIES** in part Nestlé's Motion to Dismiss. [Dkt 37.] The Court dismisses Lester's retaliation and failure to accommodate claims under Fed. R. Civ. P. 12(b)(6). The Court, however, **DENIES** the Motion with respect to Nestlé's request for its costs, expenses, and attorneys' fees under 28 U.S.C. § 1927.

Dated:   07/31/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution: All counsel registered with CM/ECF.